# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEDELLDRA LESON BROOKS,<br>Plaintiff,<br>v.<br>GENERAL MOTORS LLC,<br>Defendant. | Case No. 1:26-cv-05521-KES-SAB<br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S MOTION TO REMAND<br>(ECF No. 6)<br>**OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

Before the Court is Plaintiff Ledelldra Leson Brooks's motion to remand this matter back to California Superior Court, Fresno County. A hearing was held in this matter on November 4, 2026. (ECF No. 14.) Counsel Solange Tadros appeared on behalf of Plaintiff, and counsel Tammara Bokmuller appeared on behalf of Defendant. Based on the papers, the record, and the arguments presented at the hearing, the Court will recommend denying Plaintiff's motion to remand.

## I.

## BACKGROUND

On June 2, 2026, Plaintiff filed a complaint in California Superior Court, Fresno County against Defendant General Motors, LLC, bringing three causes of action: 1) violation of the Song-Beverly Act – breach of express warranty; 2) violation of the Song-Beverly Act – breach of

implied warranty; and 3) violation of the Song-Beverly Act, Section 1793.2(b). (ECF No. 1-2.) Plaintiff prays for damages, rescission of the purchase contract, restitution, civil penalty in the amount of two times Plaintiff's actual damages, pre-judgment interest, and attorney's fees and costs. (Id. at p. 11.)

On July 16, 2026, Defendant removed this action to this Court. (ECF No. 1.) On August 13, 2026, Plaintiff moved for remand, and the motion has been fully briefed. (ECF Nos. 6, 10, 11.) The assigned district judge referred the matter to the undersigned for the preparation of findings and recommendations. (ECF No. 7.) The Court held a hearing on November 4, 2026, and heard argument from the parties. (ECF No. 14.)

## II.

## LEGAL STANDARDS

A defendant may remove a matter to federal court if the district court would have original jurisdiction—*i.e.*, federal question jurisdiction, diversity jurisdiction, or jurisdiction pursuant to the Class Action Fairness Act of 2005. 28 U.S.C. § 1441(a); 28 U.S.C. § 1453; Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). As relevant here, federal district courts have original jurisdiction over state law civil actions where no plaintiff is a citizen of the same state as any defendant and the amount in controversy exceeds $75,000 exclusive of costs and interest. 28 U.S.C. § 1332(a)(1).

That said, "'[i]t is to be presumed that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" Hunter v. Philip Morris, USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Abrego Abrego v. Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (alterations in original)). The "'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." Id. (quoting Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992) (per curiam) (internal quotation marks omitted)). Should a party wish to challenge jurisdiction following removal, a motion to remand is the proper procedure to challenge a removal based on lack of jurisdiction. 28 U.S.C. § 1447(c).

## III.

## DISCUSSION

Plaintiff argues that Defendant has not satisfied that the amount in controversy in this matter is in excess of $75,000.[1] (ECF No. 6.) Defendant opposes, arguing that it has demonstrated that the amount in controversy is well beyond $75,000. (ECF No. 10.) The Court agrees with Defendant that this matter should not be remanded.

### A. Amount in Controversy

To establish diversity jurisdiction, the amount in controversy must "exceed[ ] the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The amount in controversy is "simply an estimate of the total amount in dispute," and may include compensatory damages, punitive damages, and attorneys' fees when authorized by statute. Lewis v. Verizon Commc'ns, Inc., 627 F.3d 395, 400 (9th Cir. 2010); see also Gonzales v. CarMax Auto Superstores, LLC, 840 F.3d 644, 648-49 (9th Cir. 2016). Importantly, "the amount in controversy reflects the maximum recovery the plaintiff could reasonably recover." Arias v. Residence Inn by Marriott, 936 F.3d 920, 927 (9th Cir. 2019).

In determining the amount in controversy in a removed action, district courts "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." Singer v. State Farm Mut. Auto. Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997). When it is not facially apparent from the plaintiff's state court complaint that more than $75,000 is in controversy, "the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds [the jurisdictional amount]. Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996). However, this "burden is not daunting, as courts recognize that under

[1] Plaintiff also requests that the Court take judicial notice of ten district court cases that address the evidentiary showing required to establish the amount in controversy in removed Song-Beverly actions, including calculations based on civil penalties and attorneys' fees. (ECF No. 6-12.) The Court grants this request and will take judicial notice of the federal court orders. See Fed. R. Civ. P. 201(b); see also Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006) (holding that judicial notice may be taken "of court filings and other matters of public record.").

this standard, a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages." Korn v. Polo Ralph Lauren Corp., 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (citation and quotations omitted).

In making this showing, a removing defendant "must be able to rely 'on a chain of reasoning that includes assumptions . . . .'" Jauregui v. Roadrunner Transp. Servs., Inc., 28 F.4th 989, 993 (9th Cir. 2022) (quoting LaCross v. Knight Transp. Inc., 775 F.3d 1200, 1201 (9th Cir. 2015)). These assumptions must reflect more than "mere speculation and conjecture" and require "some reasonable ground underlying them." Ibarra v. Manheim Investments, Inc., 775 F.3d 1193, 1197, 1199 (9th Cir. 2015). Assumptions may be reasonable if they are "founded on the allegations of the complaint." Arias, 936 F.3d at 925. And these assumptions "need not be proven." Id. at 927. Parties may also submit evidence outside the complaint, including affidavits, declarations, or other summary-judgment type evidence relevant to the amount-in-controversy. Ibarra, 775 F.3d at 1197.

Here, the parties do not challenge the diversity of the parties. The sole dispute is whether the amount in controversy exceeds the jurisdictional threshold.

**1. Actual Damages**

Actual damages under the Song-Beverly Act are "equal to the actual price paid or payable by the buyer," minus the reduction in value "directly attributable to use by the buyer first delivered the vehicle to the manufacturer or distributor." Cal. Civ. Code § 1793.2(d)(2)(B)-(C). The formula to calculate the mileage offset is: (number of miles driven prior to first repair attempt) / (120,000 miles) x (vehicle cash purchase price). Cal. Civ. Code § 1793.2(d)(C).

In this case, the parties do not dispute the estimated deductions. On January 13, 2023, Plaintiff alleges she purchased a 2023 Cadillac CT5 for $49,889.95. (ECF No. 1-2, ¶ 8.) Defendant's preliminary investigation estimated $3,464.00 in total deductions including "estimates of statutorily required deductions for mileage offset (based on the allegations of the Complaint as to the mileage at the first presentation), third-party service contracts, manufacturer's rebate, and negative equity." (ECF No. 1, p. 5.) Based on these figures, Defendant calculated Plaintiff's estimated actual damages as $46,425.95, representing the purchase price less the

estimated deductions. Because Plaintiff does not dispute Defendant's calculation, the Court finds Defendant's estimate of $46,425.95 in actual damages reasonable.

**2. Civil Penalties**

The Song-Beverly Act permits recovery of a civil penalty "which shall not exceed two times the amount of damages" if the buyer establishes that the failure to comply was willful. Cal. Civ. Code § 1794(c). Plaintiff alleges Defendant's willful failure to comply with its responsibility under the Song-Beverly Act and expressly seeks a penalty of up to two times the amount of actual damages. (ECF No. 1-2, ¶¶ 40, 67.) The question before the Court is whether Defendant may rely on those allegations and that request for relief in calculating the amount in controversy.

Plaintiff challenges Defendant's calculation of civil penalties, arguing that it is based on speculation without any evidence to support its maximum calculation. (Id. at pp. 6-10.) Defendant responds that "the amount of controversy is determined from the claims that Plaintiff has chosen to assert and the relief that Plaintiff seeks, not whether it can disprove its defenses or establish that Plaintiff is likely to prevail on the merits." (ECF No. 10, p. 10.)

Courts have taken different approaches to whether civil penalties should be included in the amount in controversy when a plaintiff seeks such penalties in the complaint. Compare Pennon v. Subaru of Am., Inc., Case No. 2:22-cv-03015-SB, 2022 WL 2208578, at *2 (C.D. Cal. June 17, 2022) (remanding where the defendant "made no serious attempt to justify the inclusion of a civil penalty in the calculation of the jurisdictional amount"), with Tolbert v. Subaru of Am., Inc. No. 2-25-cv-03426-DAD-SCR, 2026 WL 2766993, at *5 (E.D. Cal. Sep. 16, 2026) (finding that the plaintiff placed civil penalties in controversy by alleging willful noncompliance with the Song-Beverly Act and seeking the full civil penalties under the Act).

The Court finds the reasoning in Tolbert more persuasive. The Ninth Circuit has explained that the amount in controversy is the "amount at stake" and includes "all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." Fritsch v. Swift Transp. Co. of Ariz, LLC, 899 F.3d 785, 793 (9th Cir. 2018) (quoting Chavez v. JPMorgan Chase & Co., 888 F.3d 413, 417 (9th Cir. 2018).

Here, Plaintiff expressly alleges that Defendant willfully failed to comply with the Song-Beverly Act and seeks the maximum civil penalty authorized by section 1794(c). For example, Plaintiff alleges that Defendant has "failed to either promptly replace the new motor vehicle or to promptly make restitution in accordance with the Song-Beverly Act"; failed to "remedy the defects . . . or to issue a refund or replacement vehicle . . . in breach of its obligations under the Song-Beverly Act"; "fail[ed] to comply with its obligations under the Song-Beverly Act"; "Plaintiff is entitled . . . a civil penalty of up to two times the amount of actual damages for [Defendant's] willful failure to comply with its responsibilities under the Act." (ECF No. 1-2, ¶¶ 35, 36, 38, 40, 67.) Plaintiff further alleges at least ten instances in the complaint in which the subject vehicle was brought in for repairs. (See id. at ¶¶ 11-20.) The Court finds that these factual averments provide a sufficient basis for Defendant to include the requested civil penalties in calculating the amount in controversy. See Navaperez v. Nissan N. Am., Inc., No. 25-3016, 2026 WL 1999586, at *1 (9th Cir. July 10, 2026) (concluding that the defendant's notice of removal plausibly alleged that the amount in controversy exceeded $75,000 because plaintiffs claimed civil penalties and thereby placed those amounts at stake).

Having determined that Defendant may include the requested civil penalty in the amount in controversy, the Court turns to Defendant's calculation. Using the actual damages figure of $46,425.95, Defendant calculates the maximum civil penalty as $92,851.90, or twice the amount of actual damages. (ECF No. 10, p. 11.) Because Plaintiff expressly seeks a civil penalty in the amount of two times the actual damages, the Court finds Defendant's calculation reasonable.

**3. Attorneys' Fees**

Lastly, the Court considers whether the attorneys' fees as estimated should be included in determining the amount of controversy. "A court must include future attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." Fritsch, 899 F.3d at 794. Under the Song-Beverly Act, a prevailing buyer "shall be allowed by the court to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on the actual time expended[.]" Cal. Civ. Code § 1794(d).

Here, Plaintiff seeks attorneys' fees under the Song-Beverly Act. (ECF No. 1-2, ¶ 39.) In the Notice of Removal, Defendant estimated Plaintiff's attorneys' fees to be "at least $5,000." (ECF No. 1, p. 6.) At the hearing, Defendant explained that this was a conservative estimate based on its prior experience in more than 2,000 similar cases with Plaintiff's counsel over the preceding two years.

Plaintiff argues that Defendant's estimate is speculative as Defendant estimated Plaintiff's attorneys' fees without a supporting "declaration from counsel, billing records, invoices, hourly rates, number of hours incurred, projected hours, anticipated tasks, litigation schedule, or comparable-case analysis." (ECF No. 6, p. 10.) However, as stated above, recoverable attorneys' fees must be included in the amount-in-controversy calculation where Plaintiff has placed such relief at stake. See Fritsch, 899 F.3d at 793-94; see also Navaperez, 2026 WL 1999586, at *1 (concluding that defendant's estimated attorneys' fees were appropriately calculated in the amount in controversy where plaintiff claimed attorneys' fees and thereby placed such relief at stake); Amezcua v. Nissan N. Am., Inc., No. 25-3250, 2026 WL 1999591, at *1 (9th Cir. July 10, 2026) (same). Moreover, although Defendant bears the burden of establishing the amount in controversy by a preponderance of the evidence, Plaintiff has not provided evidence to refute Defendant's estimate. In any event, the Court's finding that actual damages and civil penalties may be included in the amount-in-controversy calculation is sufficient to satisfy the jurisdictional threshold, even without the additional $5,000.00 in estimated attorneys' fees.

In sum, considering Defendant's experience in similar cases, the statutory authorization for attorneys' fees, and Plaintiff's request for such fees, the Court finds that Defendant has established by a preponderance of the evidence that its inclusion of $5,000.00 in estimated attorneys' fees in calculating the amount in controversy is appropriate.

**4. Calculation of the Amount in Controversy**

Based on the foregoing, the Court finds the amount in controversy totals $144,277.85, which includes actual damages in the amount of $46,425.95, civil penalties in the amount of $92,851.90, and attorneys' fees in the amount of $5,000.00. Thus, because the Court finds that Defendant has established by a preponderance of evidence that the amount in controversy has

been satisfied, the Court will recommend that the assigned District Judge deny Plaintiff's motion for remand.

## IV.

## CONCLUSION AND ORDER

For the foregoing reasons, IT IS HEREBY RECOMMENDED that Plaintiff's motion to remand be DENIED (ECF No. 6).

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within **fourteen (14) days** of service of this recommendation, any party may file written objections to these findings and recommendations with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Absent leave of the Court, any objections shall not exceed fifteen (15) pages and, absent good cause and leave of the Court, shall be limited to arguments previously presented by the parties or ruled upon by the Court, and shall not cite any new authority which could have been cited at the time of the filing.

The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **November 6, 2026**

STANLEY A. BOONE
United States Magistrate Judge